UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JHONATAN MONDRAGON, *pro se*,

                Plaintiff,

                -against-

BARUCH COLLEGE, and UNKNOWN
DEFENDANT, Commissioner of Baruch,

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-7378 (DLI)(LB)

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Jhonatan Mondragon, proceeding *pro se*, brings this action against Baruch College, part of the City University of New York ("CUNY") system, and an unnamed "Commissioner of Baruch." Complaint[1] ("Compl."), Dkt. Entry No. 1. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order.

For the reasons set forth herein, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

According to Plaintiff, the events giving rise to his claims occurred at Baruch College "around 2014." *Id*. at 4. Beyond this, there is no orderly recitation of facts or a clear statement of any injury. Under the heading "Facts," the typed allegations are that Plaintiff "timely [submitted] an SAP appeal under 20 USC Section 484 (Higher Education Act). Defendant[s] rejected the documentation requiring that there must be a doctor's letter stating that plaintiff is disabled." *Id*. Plaintiff further alleges that he "was not aware of the disability because his care provider kept it

---

[1] The Complaint contains typed information on a form complaint, seemingly meant for use in the Southern District of New York, with additional handwritten notations. *See generally*, Compl.

from [him]," and that he "suffers [from,] among other [things], memory problem[s] and emotional disturbance." *Id*. Plaintiff also cites 29 C.F.R. § 1630.2(j)(v), which describes disability requirements for Equal Employment provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. *Id*. There also is an allegation that "Baruch College has not provided [Plaintiff] with [a] reasonable [accommodation,] as required by the Rehabilitation Act and the ADA. Also, [Baruch College] has violated Plaintiff's interest in having an education as provided in § 6201 of the Education Law." *Id*.

In addition to the information cited above, there is a handwritten addition to these facts in which Plaintiff alleges that Baruch College "denied Plaintiff's federal right to a hearing and to SAP appeals, and the literature class is a proscriptive mandate that violates Plaintiff's right to privacy and searches, as literature has nothing to do with accounting. [This] [v]iolates Title VI of Dep[']t of Education Regulations concerning disparate impact." *Id*.

As for his injuries, Plaintiff alleges "violations of civil rights[,] harmed educational advancement, ADA violations, [and] humiliation." *Id*. In explaining the relief sought, he states:

> I want my financial aid back so I can go to school. I would like to have a preliminary injunction so that I can have financial aid for the winter session or the spring one. However, I request accommodation because the spring session is the time I may be working. At the moment[,] I am unemployed for [three] months.

*Id*. at 5. The Complaint was originally dated October 7, 2015, but this date is crossed out and overwritten as December 28, 2015. *Id.* at 5. The Complaint was filed on December 28, 2015. *Id.* at 1.

Plaintiff invokes this Court's jurisdiction by seeking relief under 42 U.S.C. § 1983 and the Rehabilitation Act. *Id*. at 3. He asserts that Baruch College has waived sovereign immunity by

2

receiving federal funds and because prospective injunctive relief is permitted under *Ex parte Young*, 209 U.S. 123 (1908). *Id.*

## STANDARD OF REVIEW

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In general, *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a *pro se* complaint liberally, interpreting it to raise the strongest arguments it suggests. *See Erickson*, 551 U.S. at 89; *Huges v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations and quotation marks omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

3

relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy: or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations and quotation marks omitted).

## DISCUSSION

Based on Plaintiff's representations in the Complaint, the Court surmises that Plaintiff was formerly enrolled at Baruch College, possibly in an accounting program, and that he received federal financial aid. The reference to "SAP appeals" and Plaintiff's claim that "Defendant rejected the documentation" suggests that he failed to make satisfactory academic progress ("SAP"), which may have caused the suspension of financial aid. This also suggests that his subsequent appeal of this decision was rejected, presumably because of missing documentation concerning the alleged disability. It is unclear whether the alleged disability was given as grounds for the appeal or whether Plaintiff requested accommodations on the basis of that disability. Plaintiff did not describe the original reason for the loss of financial aid or the appellate process. Nevertheless, he asserts that Baruch College violated his rights under 42 U.S.C. § 1983, the Rehabilitation Act, the ADA, and New York State Education Law. It appears that Plaintiff also alleges that the "proscriptive mandate" to take a "literature class" violates Title VI of the Civil Rights Act of 1964 as well as his "right to privacy and searches." Plaintiff also mentions Section 484 of the Higher Education Act. The Court considers each of Plaintiff's possible claims, in turn.

I. **The Rehabilitation Act and the ADA**

Both the Rehabilitation Act and the ADA "prohibit discrimination against qualified disabled individuals by requiring that they receive reasonable accommodations that permit them to have access to and take a meaningful part in public accommodations." *Dean v. Univ. at Buffalo*

4

*Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 186 (2d Cir. 2015) (internal citations and quotation marks omitted). Section 504(a) of the Rehabilitation Act provides that:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a). In order to establish a violation of the Rehabilitation Act, Plaintiff must show that he: (1) is an individual with a disability; (2) is otherwise qualified for benefits under the federally funded program; and (3) has been denied those benefits because of his disability. *See Rothschild v. Grottenthaler,* 907 F.2d 286, 289-90 (2d Cir. 1990) (internal citations omitted).

Similarly, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under the ADA, a qualified individual with a disability is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

Plaintiff has not established that he has a disability, was otherwise qualified or eligible for federal financial aid or was denied financial aid because of his disability. Nor has he asserted that he is entitled to financial aid as a result of his disability. *See Maxwell v. New York Univ*., 407 F. App'x 524, 528 (2d Cir. 2010) ("[D]isbursement of financial aid to a student who has been determined to be ineligible under federal law is not the kind of reasonable modification in policies that is required under the ADA to accommodate persons with disabilities.") (internal citations and

quotation marks omitted). Indeed, Plaintiff claims that he was unaware himself that he had a disability until *after* he was denied financial assistance, foreclosing the possibility that the school's denial of financial aid was based improperly on his disability. Moreover, Plaintiff's reference to the definition of disability in 29 C.F.R. § 1630.2(j), a portion of the Code of Federal Regulations related to the Equal Employment provisions of Title I of the ADA, is inapposite to his claims.

Accordingly, the Complaint fails to state a claim under either the Rehabilitation Act or the ADA, and these claims must be dismissed.

## II.     Title VI of the Civil Rights Act of 1964

Plaintiff claims that the literature class requirement violates Title VI and "regulations concerning disparate impact." Section 601 of Title VI of the Civil Rights Act of 1964 provides, "No person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. This provision includes a private right of action to enforce individual rights against "intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). "In order to have standing to bring a Title VI claim, a plaintiff must allege that: (1) defendant received federal financial assistance, (2) plaintiff was an intended beneficiary of the program or activity receiving the assistance, and (3) defendant discriminated against the plaintiff on the basis of race, color, or national origin in connection with the program or activity." *Raghavendra v. Trs. of Columbia Univ.*, 2008 WL 2696226, at *11 (S.D.N.Y. Jul. 7, 2008) (quoting *Commodari v. Long Is. Univ.*, 89 F. Supp.2d 353, 378 (E.D.N.Y. 2000) (internal quotation marks omitted)).

Plaintiff has not identified his race, color, or national origin, nor explained how the literature course requirement constitutes intentional discrimination on the basis of his race, color,

6

or national origin. As such, Plaintiff's Title VI claim must be dismissed because he failed to allege any facts establishing a claim.

### III.     42 U.S.C. § 1983

In order to sustain an action under § 1983, Plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (internal citations omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* (internal citations omitted). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (internal citations omitted). None of the facts alleged support a § 1983 claim.

Plaintiff's references to a "federal right to a hearing and to SAP appeals" suggest possible claims under the Fourteenth Amendment. However, to establish either a procedural or substantive due process claim under the Fourteenth Amendment, Plaintiff would first have to show that he had a constitutionally protected liberty or property interest. He provides no basis for his assertion that he was entitled to a hearing concerning the denial of financial aid for education, and the Court is unaware of any such right. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 37 (1973) (finding no fundamental right to education); *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."); *see also Dozier v. Loop Coll.*, 776 F.2d 752, 753 (7th Cir. 1985) (finding "no right to college education at public expense") (internal citations omitted).

As for the alleged denial of his Fourteenth Amendment right to equal protection, Plaintiff would need to demonstrate that he was treated differently than other similarly situated individuals. He has not presented any evidence that he was treated differently or held to different standards than other similarly situated applicants for financial aid.

In light of Plaintiff's allegation that he submitted a timely SAP appeal under Section 484 of the Higher Education Act, the Court also has considered whether this Act provides a basis for his claim to a hearing and an appeal that is enforceable under § 1983. It does not. *See Sanon v. Dep't of Higher Educ.*, 453 F. App'x 28, 29 (2d Cir. 2011) (finding that the Higher Education Act "does not provide student borrowers a private right of action to enforce its provisions.") (internal citations omitted); *see also Shevtsov v. Los Angeles Cmty. Coll. Dist.*, 185 F. App'x 644, 645 (9th Cir. 2006) ("The district court . . . properly concluded that [the plaintiff] could not bring a 42 U.S.C. § 1983 claim based on an alleged violation of the Higher Education Act.") (internal citations omitted).

Finally, although Plaintiff alludes to violations of his "right to privacy and searches," he presents no theory on how Defendants' actions violated his rights under the Fourth Amendment.

Accordingly, Plaintiff's § 1983 claims are dismissed for failure to state a claim.

## IV. New York State Education Law

Lastly, Plaintiff contends he is entitled to an education under § 6201 of New York Education Law. This law does not establish a private right of action. *See Weinbaum v. Cuomo*, 219 A.D.2d 554, 557 (1st Dep't 1995) ("Education Law §§ 6201 and 6221 do not create private rights of action."); *see also Mac Ineirghe v. Bd. of Educ. of E. Islip Union Free Sch. Dist.*, 2007 WL 2445152, at *21 (E.D.N.Y. Aug. 22, 2007) ("Under New York law, 'to form a special relationship through breach of a statutory duty, the governing statute must authorize a private right

of action.'") (quoting *Pelaez v. Seide*, 2 N.Y.3d 186, 200 (2004)).  Accordingly, Plaintiff's New York State Education Law claim is dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the Court finds that amending the complaint would be futile. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2018

/s/
DORA L. IRIZARRY
Chief Judge